UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WESLEY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV187 SNLJ |
| | ) | |
| BARRON E. PRATTE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*. The motion is granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

On December 3, 2013, plaintiff was transferred to the Southeast Missouri Behavioral Health Center (SEMO)[1] from federal prison under the care of the Bureau of Prisons (BOP). Defendants are employees of SEMO, BOP officials, and plaintiff's parole officer. Plaintiff sues defendants in their individual capacities, and he seeks monetary relief.

Plaintiff, who is Muslim, alleges that defendants Pratte, Auners, Gilliam, O'Dell, Garner, Walp, Burgert, and Spitzmiller denied him accommodations to prayer facilities and rituals as well as Islamic services and an Imam. He says that defendant Lott placed a GPS device on his ankle because of his Muslim faith.

Plaintiff filed a lawsuit against defendants for violations of the First Amendment. *Moon v. Pratte*, 4:13CV2570 JAR (E.D. Mo.). The case was dismissed for several reasons. In this case, plaintiff alleges that defendants Pratte, Auners, Gilliam, O'Dell, Garner, Walp, Burgert, and Spitzmiller retaliated against him for filing the lawsuit by denying him outside passes to shopping facilities.

Plaintiff believes that at some point he was eligible for home confinement. To be eligible, a resident must obtain employment and a letter of intent from the employer stating that it will hire the resident. Plaintiff says that his cousin sold jewelry and clothing from her home and that she sent a letter of intent to defendants stating her intention to hire plaintiff to help her. Plaintiff alleges that the SEMO defendants as well as defendant Toni Smith, his federal probation officer, retaliated against him for having filed the lawsuit by denying his application for home confinement.

---

[1] SEMO is a corporation, not a state entity.

In May 2014, defendant Vega, a BOP residential re-entry manager, advised plaintiff that he would give plaintiff a forty-eight hour pass to look for a job. Vega told plaintiff to write down an itinerary, and he told plaintiff that he could not deviate from the itinerary, except for medical emergencies, without prior authorization from SEMO staff.

On March 19, 2014, plaintiff's sister picked him up from SEMO and drove him to several businesses in Cape Girardeau. The next day, plaintiff admits he deviated from the itinerary without authorization by leaving his mother's house at 3:00 a.m.

Upon his return to SEMO, plaintiff was confronted by defendant Auners about his unscheduled 3:00 a.m. excursion. Plaintiff acknowledges being recalcitrant, and he left her office. On March 24, 2014, defendants Garner, Creamer, and Auners came to plaintiff's room with officers from the St. Genevieve Police Department and had him arrested for violating BOP escape rules. Defendants Walp, Burgert, Garner, Spitzmiller, and Auners went to the Jail on March 27, 2014, to conduct a disciplinary hearing. Plaintiff does not believe that they should have been allowed to conduct the hearing.

**Discussion**

The complaint states plausible claims for denial of religious accommodations and retaliation against defendants Pratte, Auners, Gilliam, O'Dell, Garner, Walp, Burgert, and Spitzmiller. The complaint also states a plausible claim against Lott.

Plaintiff's claim regarding the denial of home confinement is not plausible under *Iqbal*. "[D]raw[ing] on its judicial experience and common sense," the Court does not believe that a job offer from plaintiff's cousin to sell clothing and jewelry from her home constitutes sufficient employment to qualify for home confinement from a residential re-entry facility. *Iqbal*, 556 U.S.

at 679. As a result, the Court will dismiss defendant Toni Smith from this action, and the Court will not require the SEMO defendants to respond to this claim.

Similarly, plaintiff's claim regarding his arrest for violating BOP escape rules does not state a plausible claim under *Iqbal*. Plaintiff admits that he violated Vega's orders by leaving his mother's house at 3:00 a.m. without authorization. His subsequent arrest was due to his illegal conduct. He has not shown that the arrest was caused by any protected activity. As a result, defendant Creamer is dismissed from this action, and the SEMO defendants are not required to respond to this claim.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Victor Vega, Steve Thomas, Paul Laird, or Kathy Huesler were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Barron E. Pratte, Jason W. Gilliam, Timothy O'Dell, Heather Garner, Amy Walp, and Jeffrey Burgert.[2]

**IT IS FURTHER ORDERED** that defendants Steve Thomas, Paul Laird, Victor Vega, Kathy Huesler, Jerry Creamer, and Toni Smith, are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 22nd day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Defendants Barron E. Pratte, Jason W. Gilliam, Timothy O'Dell, Heather Garner, Amy Walp, and Jeffrey Burgert are alleged to be located at 512 E. Main St., Park Hills, MO 63601. Defendant Jeffrey Burgert is alleged to be an employee of the Federal Bureau of Prisons. Plaintiff has not provided the Court with the addresses of defendants Karen Auners, Bradley Lott, or Walter Spitzmiller; therefore, the Court cannot serve process on these defendants. Plaintiff is warned that these defendants may be dismissed under Rule 4(m) of the Rules of Civil Procedure if he does not timely supply the Court with their addresses. SEMO is not a state facility, and the SEMO defendants should not be served in accordance with the Court's waiver agreement with the State.