UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DARNELL WESLEY MOON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:15CV187 SNLJ |
| BARRON PRATTE, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for recusal. The motion is without merit and is denied.

On October 22, 2015, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e). In its review, the Court found that several of plaintiff's claims were plausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and it ordered the Clerk to serve process on several defendants. The Court also found that some of plaintiff's claims were not plausible, and it dismissed several defendants.

Plaintiff argues that the Court must recuse itself because in dismissing plaintiff's home-confinement claim, it allegedly showed bias towards an officer of the U.S. Probation Office – Eastern District of Missouri. Defendants respond that the Court's ruling was favorable towards plaintiff in that it issued process on several claims.

Section 455(a) of Title 28, United States Code, provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Impartiality is judged objectively: "Would the average person, knowing the facts alleged by the part[y] seeking disqualification, question the Judge's impartiality, and, if so, would the question

be reasonable?" *O'Bannon v. Union Pac. R.R. Co.*, 169 F.3d 1088, 1091 (8th Cir. 1999). Stated differently, the test is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (quoting *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). If this test is not satisfied, judges have a duty to decide the cases and controversies which come before them. *See Perkins v. Spivey*, 911 F.2d 22, 28 (8th Cir. 1990); *see also Cheney v. U.S. Dist. Ct.*, 541 U.S. 913, 916 (2004) (memorandum of Scalia, J.). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined. *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Plaintiff's allegations regarding the Court's bias are wholly conclusory and not supported by facts. A ruling against a party "does not raise an inference of bias or require the trial judge's recusal.". *Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002) (quotations and citation omitted). The Court conducted the required review of the complaint, and it applied the correct standard. Consequently, the motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for recusal [ECF No. 20] is **DENIED**.

Dated this  15th  day of December, 2015.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE